IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS CHOICE WILLIAMS, | § | |
| #43636-279, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-02581-N (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), Marcus Choice Williams, a federal prisoner in Leavenworth, Kansas, suggests that the Bureau of Prisons (BOP) is violating Williams's rights as a transgender woman.[1] Accordingly, the District Court severed those civil rights claims from Williams's compassionate release motion and opened this civil action. (ECF No. 3.) On November 17, the Court sent Williams a Notice of Deficiency and Order (ECF No. 8), which ordered Williams to file a complaint in compliance with Federal Rule Civil Procedure 8(a) and on the court-approved form and to pay the filing fee or file a motion to proceed *in forma pauperis*. The Order further informed Williams that failure to respond and cure the deficiencies by December 19, could result in a recommendation that Williams's case be dismissed. Williams has not filed

---

[1] The motion seeking compassionate release was originally filed in *United States v. Williams*, N.D. Tex. Case No. 3:09-cr-145-N.

any response, and Williams has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's November 17 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Williams failed to pay the filing fee or file a motion to proceed *in forma pauperis*. And Williams's complaint does not comply with Rule 8(a), which requires a short and plain statement of a claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Instead, Williams only suggests that the BOP is violating Williams's rights as a transgender woman, but Williams fails to state specifically what relief Williams seeks. The Court

cannot screen this case, and this litigation cannot proceed until Williams cures these deficiencies.

Williams has failed to prosecute this lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Williams's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed December 21, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.